IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KEITH AARON LITTLE,<br><br>　　　　Defendant and Debtor.<br><br>---<br><br>CALIFORNIA PUBLIC EMPLOYEES'<br>RETIREMENT SYSTEM,<br>(and its Successors and Assignees),<br><br>　　　　Garnishee. | CASE NO.  1:22-mc-00016-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(Doc. 9)<br><br><br>**FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final order of continuing garnishment ("Application") against the nonexempt monthly benefits of defendant and debtor, Keith Aaron Little ("Defendant"), held by California Public Employees' Retirement System ("Garnishee").  (Doc. 9.)   The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

**I.     BACKGROUND**

On August 6, 2012, the Court sentenced Defendant and ordered him to pay a statutory assessment of $100.00 and restitution of $64,193.00. (*United States v. Little,* Case No. 1:11-cr-00025-LJO, Docs. 41, 42.)

In an attempt to collect the restitution and special assessment owed, the United States filed an application for a writ of continuing garnishment against twenty-five percent (25%) of Defendant's nonexempt monthly benefits held by Garnishee.  (Doc. 1.)  According to the application, Defendant

1

owes $60,543.00, and the total amount sought by the garnishment action is $66,597.30. (*Id.* at 2.)

The Clerk of Court issued the writ of continuing garnishment on February 3, 2022. (Doc. 4.) On February 3, 2022, the United States served the Garnishee with copies of the writ and related documents. (Doc. 2.) On February 7, 2022, the United States served the Defendant with copies of the writ and related documents. (Doc. 5.) The documents served on Defendant advised him, among other things, of his right to claim exemptions to garnishment and request a hearing on his claim and/or object to the Garnishee's answer (the "Answer") and request a hearing thereon. (Doc. 5.)

The Garnishee filed its acknowledgment of service and Answer on February 18, 2022, indicating that Defendant receives a gross monthly benefit of $4,255.97. (Doc. 6.) The Garnishee served the Answer on Defendant on February 14, 2022. (*Id*. at 3.)

On March 2, 2022, the United States re-served the Defendant with copies of the writ and related documents at Defendant's updated last known address. (Doc. 7.) On March 3, 2022, the Garnishee re-filed its acknowledgment and Answer. (Doc. 8.) According to the amended certificate of service, the Garnishee served the Answer on Defendant on March 1, 2022, at Defendant's updated last known address. (*Id.* at 4.) The United States now seeks a final order of continuing garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq*., against Defendant's ongoing and on-exempt monthly benefits from the Garnishee. (Doc. 9.)

**II.      DISCUSSION**

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays*, 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Property" includes "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or

intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))." 28 U.S.C. § 3002(12). Consistent with the Consumer Credit Protection Act, garnishment is limited to twenty-five percent of the debtor's nonexempt monthly benefits. 15 U.S.C. § 1673(a)(1). Additionally, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement . . . of the claim for such debt." 28 U.S.C. § 3011(a).

The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After receipt of the garnishee's answer, the judgment debtor has twenty days to object to the answer and request a hearing. 28 U.S.C. § 3205(c)(5). If no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Defendant's nonexempt monthly benefits are subject to garnishment under the FDCPA. *See* 28 U.S.C. § 3205(a). The United States provided Defendant with notice of the garnishment proceedings on February 7, 2022. (Doc. 5.) The United States subsequently provided Defendant notice of the garnishment proceedings at Defendant's updated last known address on March 2, 2022. (Doc. 7.) The documents served on Defendant advised him of his rights to claim exemptions and request a hearing on his claims, request a hearing to oppose the writ, and object to the Answer and request a hearing. (*See* Doc. 5.) Defendant was further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*) The Garnishee served its Answer on Defendant on February 14, 2022. (Doc. 7.) The Garnishee re-served its Answer on Defendant on March 1, 2022, at Defendant's updated last known address. (Doc. 8.) Neither Defendant nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's nonexempt monthly benefits.

The United States also seeks to recover the ten percent (10%) litigation surcharge of the judgment amount balance as authorized by 28 U.S.C. § 3011(a). (Docs. 1, 9.) The FDCPA provides that the United States in entitled to recover a litigation surcharge in connection with the recovery of a debt. 28 U.S.C. § 3011(a). A defendant's criminal monetary penalties, including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28 U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies. 28 U.S.C. § 3011(a); *United States v. Sackett*, 114 F.3d 1050, 1053 (10th Cir. 1997). The government's garnishment action here is a qualifying post-judgment remedy under 28 U.S.C. § 3205. Subject to exclusions not relevant here, section 3011 provides that the recoverable surcharge amount is 10% of the debt sought to be collected. 28 U.S.C. § 3011(a).

The United States is entitled to a surcharge on the amount of the debt sought to be collected. As of January 24, 2022, Defendant owes restitution in the amount of $60,543.00, and the United States seeks a surcharge in the amount of $6,054.30, representing 10% of the restitution amount owed.  (Docs. 1, 9.) The Court will therefore recommend that the requested surcharge be awarded.

### III.    ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

It is HEREBY ORDERED that the United States is directed to serve a copy of these findings and recommendations on the Garnishee and file proof of such service within seven (7) days of entry of these findings and recommendations.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED;
2. Garnishee California Public Employees' Retirement System be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Keith Aaron Little's ongoing and nonexempt monthly benefits;
3. Garnishee California Public Employees' Retirement System be directed to pay the Clerk of the United States District Court the amount of nonexempt monthly benefits already

|    |   |   |
|----|---|---|
| 1  |   | withheld as a result of the writ, within fifteen (15) days of the filing of an order adopting |
| 2  |   | these Findings and Recommendations; |
| 3  | 4 | Garnishee California Public Employees' Retirement System be directed to make payment |
| 4  |   | in the form of a cashier's check, money order or company draft, made payable to the |
| 5  |   | Clerk of the Court and delivered to the United States District Court, Eastern District of |
| 6  |   | California, Office of the Clerk, 501 I Street, Room 4-200, Sacramento, California 95814. |
| 7  |   | The criminal docket number (1:11-cr-00025-LJO) shall be stated on the payment |
| 8  |   | instrument; |
| 9  | 5 | The United States be entitled to recover a $6,054.30 litigation surcharge after satisfaction |
| 10 |   | of the judgment in the criminal case, and Garnishee California Public Employees' |
| 11 |   | Retirement System be directed to garnish $6,054.30 of Keith Aaron Little's nonexempt |
| 12 |   | monthly earnings, representing the litigation surcharge, once the judgment balance of |
| 13 |   | $60,543.00 is satisfied; |
| 14 | 6 | Garnishee California Public Employees' Retirement System be directed to pay the |
| 15 |   | litigation surcharge to the United States Department of Justice via a single payment |
| 16 |   | within twenty (20) days of the garnished wages accumulating to the $6,054.30 surcharge |
| 17 |   | amount by delivering a cashier's check, money order, or company draft in the sum of |
| 18 |   | $6,054.30 made payable to the "United States Department of Justice" and delivered to the |
| 19 |   | U.S. Department of Justice, Nationwide Central Intake Facility, P.O. Box 790363, St. |
| 20 |   | Louis, MO 63179-0363. The check, money order, or company draft shall state "CDCS |
| 21 |   | Number 2013A02988" on the face of the payment instrument; |
| 22 | 7 | The Court retain jurisdiction to resolve matters through ancillary proceedings in the case, |
| 23 |   | if necessary; and |
| 24 | 8 | The garnishment terminate when (1) the United States seeks to terminate the writ; or (2) |
| 25 |   | when the judgment and litigation surcharge are fully satisfied. |

26     These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
28 **days** after being served with these Findings and Recommendations, any party may file written

objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 5, 2022**          /s/ Barbara A. McAuliffe          
                                    UNITED STATES MAGISTRATE JUDGE